### CRIPPIN *vs.* HEERMANCE.

A made a contract with B, in the spring of 1836, to sell him a farm. B paid $600 down, and was to pay the balance in October, and take a deed. B was unable to fulfill in October, and agreed with A to postpone the payment until April 1, 1837, upon paying him $55 for the delay and damage. The fulfilment was postponed from time to time, (B paying part of the purchase money,) until May 4, 1837, when A gave B a deed of the land and took back from him a mortgage, payable in one day, for $300 more than the balance remaining due upon the contract. B was unable to pay the balance due on the contract, on May 4th, and thus secure a deed. *Held* that the transaction did not constitute usury in the mortgage.

In contracts for the sale of lands *time* is of the essence of the contract as well as the price to be paid.

THE complainant and his brother, Ansel Crippen, were joint owners of a farm in Penfield, in the spring of 1836, they contracted to sell the same to the defendant for $2,400, who at the time paid $600 and was to pay the balance in October, thereafter, and take a deed. In October the defendant was unable to pay, and it was mutually agreed that the payment should be postponed until the 1st April, 1837, upon payment by the defendant to the vendors of $55, which was paid in satisfaction of the injury to the vendors for deficiency in prompt payment, they having prepared to go to Michigan. On the first day of April, 1837, the defendant did not pay, and the contract was extended to 10th April, on which last day, the defendant paid $600, and the contract was further extended to 24th April, when the defendant paid the further sum of $600, and it was agreed that a deed should be executed by the vendors and their wives, and left with one Ward to be delivered on payment of the balance, if it was paid within a

Nov. 1839.

Crippin
v.
Heermance.

few days. This was done. The balance to be paid was $710 18. The deed bore date 1st May, 1837. The complainant purchased the interest of his brother in the premises, and on the 4th May, 1837, caused the deed to be delivered to the defendant, and took back a bond and mortgage for the payment of $1,010 18, in one day from date. The bill in this cause is filed to foreclose this mortgage, or in case it should be decided to be void for any cause, to recover the sum of $710 18 upon the original contract. The defendant in his answer sets up that the transaction is usurious, and proofs were taken with a view of giving character to the transaction. The complainant insisting that the original contract became void by reason of its non-fulfilment, and that the mortgage was given for a new sale of the premises, while the defendant insists that the mortgage was given for usury in consequence of a delay in payment.

*O. Hastings,* for complainant.

*Ira Bellows,* for defendant.

THE VICE CHANCELLOR. There can be no doubt that in contracts for the sale of lands, *time* or the terms of payment is of the essence of the contract as well as the price to be paid. In this case the original contract of sale was for prompt pay. This consideration might have well entered into the contemplation of the vendors in making their terms of sale, and they may reasonably be presumed to have charged a less price in consequence of such ready pay as would meet their plans. For their disappointment in the first failure they were paid according to agreement, and the performance was mutually postponed until 1st April, thereafter. If there had

been a clause in the contract, making it void for *non* fulfilment of its conditions, there is no doubt the vendors might have forfeited it either in October, 1836, or in April, 1837, upon failure by the purchaser. But its fulfilment was postponed from time to time; and it does not clearly appear either from the pleadings or proofs, that the last postponement was to a day certain, but the inference rather is, that the postponement was to an indefinite but short time. The witness Ward, speaks of " a few days less than a week ;" and it seems to be understood that the balance was to be paid in a short time, not to exceed a week from 1st May, 1837. It does not appear either, that the contract contained any provision for rendering it void upon non-performance.

The defence set up, however, is usury. This is a defence which consists in intention to take more than 7 per cent. for the loan or forbearance of payment of money. Courts will look through all the shifts and devices of a transaction, to see if in them all they can discover an intention, lurking at bottom, to evade the statute ; and if they can perceive such an intention, whatever the shift or device may be, they will lay their hand upon the transaction and declare it void. But if the intention is clearly other and different, courts will look upon the transaction with different eyes, even though more than 7 per cent. was reserved.

The whole testimony in this case leaves upon my mind very little doubt what the views of the parties were, in making the last negociation. The complainant evidently supposed that the whole contract was void or had become forfeited by the non-payment of the balance, and intended to make his advantage

Nov. 1839.

of it. The defendant as evidently feared that such might be the result; and, not having the money to pay them so soon, determined to secure the title to the land, even though he should have to pay an excess over the contract price. It is not possible for me to say whether the contract was void or not, and liable to be forfeited for non-payment. It is my impression that it was not subject to such speedy forfeiture; but the parties evidently acted under the mutual belief or fear that it was so liable to be forfeited, and in that spirit they made the contract for the payment of the amount specified in the mortgage. The complainant may have taken an unconscientious advantage of the situation of the defendant, but he has chosen to rest his defence on the ground of usury alone, and the proofs do not seem to me to sustain that defence.

There must be a decree in favor of the complainant, for the full amount of the mortgage, and the ordinary reference to a Master to compute the amount due upon the bond and mortgage.